**The STATE of Utah, Plaintiff and Respondent,**

v.

**James E. TRAVIS, Defendant and Appellant.**

**No. 13834.**

Supreme Court of Utah.

Sept. 15, 1975.

Larry R. Keller, Salt Lake Legal Defender Association, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

A jury found defendant guilty of the crime of robbery. He was sentenced to serve the indeterminate term provided by law, in the Utah State Prison.

Defendant and one Kendrick were codefendants to a charge of robbery. After a severance hearing the court allowed separate trials. Appellant's trial occurred first, and appellant subpoenaed codefendant Kendrick to testify in his defense. Kendrick appeared with his counsel, and the court, out of the presence of the jury, interrogated Kendrick concerning his intention of invoking his Fifth Amendment privilege of self-incrimination. Both Kendrick and his counsel advised the court that the privilege of self-incrimination would be claimed, whereupon the court had Kendrick removed from the courtroom.

At trial counsel for appellant attempted to introduce an affidavit made by Kendrick, at the hearing on the motion to sever, claiming that this affidavit tended to exculpate appellant. The court refused its admission.

Appellant assigns as reversible error the failure of the court to allow appellant to call his codefendant as a witness in his behalf; and the failure of the court to admit the affidavit of the codefendant.

Appellant's first point does not contest Kendrick's right to avail himself of the Fifth Amendment privilege, but claims that Kendrick should have been forced to assert the Fifth Amendment, after being sworn, and in the presence of the jury. Although the point is well put in the brief, it is not well taken. To approve appellant's assertion would be to allow presentation of inferential matter to the jury, which could only be speculative. The

present situation is dealt with in the following standard:[1]

A lawyer should not call a witness who he knows will claim a valid privilege not to testify, for the purpose of impressing upon the jury the fact of the claim of privilege. . . .

A companion standard states:[2]

A prosecutor should not call a witness who he knows will claim a valid privilege not to testify, for the purpose of impressing upon the jury the fact of the claim of privilege. In some instances, as defined in the Code of Professional Responsibility, doing so will constitute unprofessional conduct.

Preceding this rule *State v. Smith*,[3] in sustaining the trial court's denial of defendant's request to call his codefendant as a witness, observed:

There is no reason for distinguishing these cases on the basis that the party calling the witness was the government. The fundamental point is that the exercise of the privilege is not evidence to be used in the case *by any party*.

Here it was known prior to the commencement of the trial that Kendrick, upon the advice of counsel, would assert his Fifth Amendment privilege if, as the trial judge put it, "questioned about this incident."

In *State v. Mitchell*,[4] the trial court was sustained in refusing to allow a defendant to call a codefendant before the jury as a witness; when it had been determined, outside the presence of the jury, that the codefendant would exercise his Fifth Amendment privilege. That court said:

The record shows that the co-defendant Jones would have claimed his Fifth Amendment privilege against being forced to testify against himself had he been called as a witness by defendant Gravon. Under the circumstances the only testimony that the jury could have heard would have been defendant Jones' claim of Fifth Amendment protection. The jury was not entitled, under these circumstances, to speculate as to the reason for the claim.

Under the circumstances in the instant matter we hold that it was not error for the court to refuse to allow appellant to call his codefendant as a witness.

■ Appellant's second point is grounded primarily upon the Utah Rules of Evidence Rules 62(7), 63(2) and 63(10), and the Utah Rules of Procedure Rule 43(e).

At the hearing for severance Kendrick made a statement, under oath, concerning the incident, in support of his request for a separate trial. This statement he made only after his counsel was assured by the trial judge that any such statement would not be a waiver of his Fifth Amendment privilege if he were called as a witness in a subsequent hearing. Under these circumstances, the trial court having correctly prevented appellant from calling Kendrick as his witness, it is not permissible to force Kendrick to violate his constitutional privilege by allowing the introduction of testimony by affidavit. The attempts to introduce the affidavit under exceptions to the hearsay rule fall for the same reason.

For the foregoing reasons we find no error, and the trial court is sustained.

HENRIOD, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.

1. A.B.A. Standards, Defense Function, Sec. 7.6(c) (1971).

2. A.B.A. Standards, The Prosecution Function, Sec. 5.7(c) (1971).

3. 74 Wash.2d 744, 446 P.2d 571, 581 (1969).

4. 6 Or.App. 378, 487 P.2d 1156 (1971).